# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1101V
Filed: January 8, 2018

| | |
|---|---|
| LORAINE HEROD,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | UNPUBLISHED<br><br>Attorneys' Fees and Costs. |

Thomas P. Ryan, Ryan, LLP, Cleveland, Ohio, for petitioner.
Christine Mary Becer, *U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 1, 2015, Loraine Herod ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that an influenza vaccination she received on October 4, 2012, significantly aggravated her Meniere's disease. Petition at ¶¶ 5,7. On November 13, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 65.)

On November 28, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 69.) Petitioner requests attorneys' fees in the amount of $28,440.00 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $8,737.50.  *Id.* at 5.  Petitioner incurred costs in the amount of $5,200.00.  *Id.* at 4.  Thus, the total amount requested is $42,377.50.

On December 26, 2017, respondent filed a response to petitioner's motion.  (ECF No. 71.)   Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, except for hourly rate of petitioner's expert, Dr. Lance Jackson, and the undersigned finds no cause to reduce the requested attorney hourly rates.

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary based on his or her experience or judgment."  *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).  The fee applicant bears the burden of documenting hours that are reasonable and the special master is not obligated to evaluate a fee petition on a line-by-line basis. *Id.* at *3, 13.  Rather, particularly where billing entries are cryptic or inadequately described, the Special Master may determine whether the claimed hours are reasonable based on her experience and the context of the Vaccine Program.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483-84 (1991).  That is, special masters are permitted to use "a global – rather than line-by-line – approach to determine the reasonable number of hours expended."  *Hocraffer*, 2011 WL 6292218, at *13.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.

As for costs, with respect to petitioner's expert, Dr. Lance Jackson, the undersigned finds his rate of $1,200.00 per hour to be excessive.  As acknowledged by counsel and petitioner, the undersigned advised that this rate was excessive during the pendency of this case.  She has not awarded an expert an hourly rate more than $500.00 per hour.  Thus, she reduces Dr. Jackson's rate to $500.00 per hour, for a total reduction of $2800.00.[3]  As for the outstanding expert fees billed by Dr. Tachdjian ($3,487.50) and Dr. Cook ($5,250.00), these appear to be reasonable, and they will be paid to petitioner's counsel.  Petitioner's counsel shall reimburse these experts for the expert costs incurred.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Other than the reduction of Dr. Jackson's expert costs, the balance of the petitioner's request is reasonable, and the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Dr. Jackson requested a total of $4800 (1200 x 4 hours = $4800).  The undersigned awards $2000 (500 x 4 = $2000).

2

**Accordingly, the undersigned awards the following:**

1) **A total of $37,177.50**[4] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Thomas Patrick Ryan;**

2) **A total of $2,400.00 in the form of a check payable to petitioner, Loraine Herod.**

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.